## Grubb *et al.* *versus* Brooke *et al.*

*Unliquidated damages for breach of contract, not recoverable on issue to ascertain the balance due on judgment.— Commissions on advances, when usurious.*

1. In an issue to ascertain the balance due upon several judgments, unliquidated damages for the breach of a contract by the debtors therein, cannot be included.

2. Where the holders of the judgments, by assignment, were to receive, as commission merchants, from the defendants, who were ironmasters, iron for sale on commission, they were held entitled to interest upon the judgments and to commissions on sales and guaranties of paper received: but not to an additional commission of two and one-half per cent on advances.

3. The charge of additional commissions on advancements was usurious and could not be enforced at law, either upon evidence of a promise by defendants to pay it, or in consequence of their failure to comply with their agreement in furnishing iron according to their contract.

ERROR to the Common Pleas of *Lancaster county.*

This was an issue awarded by the court, and docketed to January Term 1863, No. 5, in which Horace L. Brooke and George W. P. Coates, late partners doing business as Brooke & Coates, were plaintiffs, and Edward B. Grubb and Clement B. Grubb were defendants, to determine whether anything, and if so, what amount remained due from the defendants to the plaintiffs, on three judgments entered to August Term 1857, No. 107, January Term 1859, No. 23, and January Term 1859, No. 24.

On the trial the following facts were elicited :—

Three judgments, as above stated, had been obtained against the defendants by the trustees of their sisters, Mrs. Parker and Mrs. Ogilvie, amounting to about $30,000, on which executions had been sued out, and their property, an ore-bank at Chestnut Hill, advertised for sale by the sheriff.

A proposition was submitted to the defendants by the firm of Brooke & Coates, to the effect that they would advance a certain sum in coal, and give their notes and acceptances for the balance, and when the amount due on the judgments was thus fully paid, they were to be assigned to them and held for their use. On the part of the defendants in this issue it was agreed that they would consign iron to the plaintiffs to sell on commission, to enable them to meet these notes and acceptances as they came due.

The notes were all paid, and the judgments duly assigned to Messrs. Brooke & Coates, but as the quantity of iron promised or expected was not furnished, Messrs. Brooke & Coates sued out executions to collect the balance claimed to be due on them. The amount being in dispute, this issue was awarded as above stated.

Messrs. Brooke & Coates had rendered to the Messrs. Grubb

periodical accounts, charging them with interest on the balances due them, with an additional charge of $2\frac{1}{2}$ per cent. as commissions on advances, according to the alleged custom and agreement of the parties.

It was testified that on an occasion when Mr. Grubb was urged to furnish iron for sale, he refused, saying that he would prefer paying the $2\frac{1}{2}$ per cent. commissions.

The main matter in dispute were these commissions, which defendants objected to on the trial as usurious, but which the plaintiffs claimed, first, upon their agreement to pay, and secondly, as a compensation, penalty, or damages for loss, trouble, and expense incurred by reason of the failure to send the iron according to the alleged contract.

On the trial, the court permitted the plaintiffs to prove under exception, that, on account of the failure of Messrs. Grubb to consign iron to meet plaintiffs' notes and acceptances, plaintiffs were compelled to put nails into the market, place them in hands of other parties, and thereby pay 5 per cent. commissions on sales, which otherwise they would have made themselves.

The defendants requested the court to charge the jury that "in ascertaining whether any balance is due on the judgments held by plaintiffs, all the charges in their several accounts for commissions of $2\frac{1}{2}$ per cent. for six months' advances on balances must be stricken out, together with all interest thereon; and that the damages claimed by plaintiffs for non-delivery of iron by C. B. Grubb, as per contract, were too remote to be recognised by the law, and could not be brought into this inquiry, because unliquidated, personal to C. B. Grubb, and foreign to the issue, which was the balance due on the three judgments held by plaintiffs." This the court answered as follows:—

"I shall consider the two propositions or points presented by the counsel for the defendants together. Whether the plaintiffs are entitled to recover the $2\frac{1}{2}$ per cent., mentioned in the first point, will depend upon the circumstances of the case as supported by the testimony. If at the time the plaintiffs agreed to assume the payment of the three judgments given in evidence, and as an inducement for the plaintiffs thus assuming that responsibility, and in order to enable them to meet the payment of the acceptances or notes, which they were about executing in favour of the trustees of Mrs. Parker and Mrs. Ogilvie, when they arrived at maturity, it was agreed by the defendants to furnish the plaintiffs with iron, with the proceeds of which to meet the payment of these acceptances or notes as they became due, and the defendants, instead of meeting their engagements, made default, whereby the plaintiffs were compelled to make sale of their own property, and were thereby subjected to trouble, expense, and loss, then the plaintiffs are entitled to a reasonable

[Grubb *et al.* *v.* Brooke *et al.*]

remuneration for such trouble, expense, and loss; but if the amount claimed is used merely as a cloak for the purpose of recovering usurious interest, you will reject it. How this is, will be for you to say under the evidence, and in making such allowance you are to put nothing in the plaintiffs' pocket, for being forced into market with their property, but what was actually the expense, trouble, and injury they sustained in consequence of the defendants not meeting their engagements, for this is to be reimbursed, together with the interest on what is their just claim, but for nothing more. Whether the 2½ per cent. mentioned would more than accomplish that object, is, under the evidence, for you to say. I think the contract on which the remuneration is claimed is not too remote to be recognised by the law. If no expense, trouble, or injury was sustained by the plaintiffs in consequence of the stipulations entered into by the parties, no more than legal interest, 6 per cent., can be recovered. When a contract is made to compensate another for the use of his name to obtain credits, such contract would be good; but does the word commission mean that here, and is the claim made for that? I think the evidence does not show that it does."

In their general charge the court said:—" The great bone of contention is the commission charged for advances. If this meant an enlargement of interest beyond 6 per cent. per annum, such charges would most undoubtedly be usurious and cannot be recovered. The law will not allow such recovery, and no acquiescence, on the part of the defendant, as to the correctness of such charge, will prevent him from taking advantage of the matter now. But it is said this was a charge made in consequence of the defendants' failing to comply with their agreement in furnishing iron as stipulated by the parties, and that in consequence of such default the plaintiffs were subject to injury, loss, &c. With regard to this I gave my views in answer to the defendants' points."

Under these instructions there was a verdict and judgment in favour of the plaintiffs for $3339.75, with six cents damages and six cents costs.

The errors assigned here were the admission of the evidence of loss on the consignment of nails above mentioned, the answer given to the defendants' points, and that portion of the general charge above cited.

*Thomas E. Franklin* and *I. E. Hiester*, for plaintiffs in error.

*N. Ellmaker* and *G. M. Kline*, for defendants.

The opinion of the court was delivered, May 24th 1864, by
Thompson, J.—This was an issue to try how much, if anything,

[Grubb *et al. v.* Brooke *et al.*]

was due on three several judgments, assigned to the plaintiffs below and defendants in error, against the defendants below and plaintiffs in error. There were no pleadings in the case, but this was no reason for going into the question of unliquidated damages for breaches of contract between the parties. The issue was not broad enough for that. The question was simply one of liquidation, and not one admitting of a general defence. This is enough, we think, to say, in relation to the claim for unliquidated damages set up by the plaintiffs.

Evidently, no such thing was contemplated when the issue was ordered. Accounts current had been furnished to the defendants by the plaintiffs, regularly embracing their entire claim; but in none of them is there any charge or claim for damages. In lieu of this, there are charges of two-and-a-half per cent. commissions for advances for six months, and this is based upon an alleged failure on part of the defendants to furnish iron to be sold on commission, to meet the notes given by the plaintiffs as collateral to the judgments. The defendants object to this as usurious, and we think it is: Large *v.* Passmore, 5 S. & R. 51. The judgments which the plaintiffs received by assignment, and which they undertook to pay and did pay, bore interest, and this was all the interest they could recover. They had commissions on sales of iron and guaranties; this was a proper charge in the accounts current, but the two-and-a-half per cent. for advances was not. It is true there was evidence of a promise to allow these commissions, but as they are usurious the agreement cannot be enforced. If the defendants chose to fly from their promise in this respect, the law permits them to do so. It is a matter entirely within the cognisance of their own consciences. The judgment must be reversed for the reasons suggested above, and the case sent back for a new trial.

Judgment reversed, and a *venire de novo* awarded.